UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CORNELIA RICE,<br><br>Defendant. | Criminal Action No. 17-128 (JEB) |

## MEMORANDUM OPINION

Defendant Cornelia Rice seeks compassionate release from her 60-month prison sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). At 39 years old, she argues that her asthma and obesity render her more susceptible to the coronavirus and thus constitute extraordinary and compelling circumstances warranting early release. The Government opposes, contending both that Rice has not met her burden and that the 18 U.S.C. § 3553(a) factors militate in favor of continued detention. Agreeing on both counts, the Court will deny Defendant's Motion.

**I.  Background**

Rice was charged on June 29, 2017, in a six-count indictment with conspiracy to sell heroin, cocaine, and crack cocaine. See ECF No. 1 (Indictment). She was also charged with using a firearm in furtherance of drug-trafficking activities. Id. Ultimately, on May 23, 2018, she entered a guilty plea to the firearm count. See ECF No. 70 (Plea) at 1. This Court sentenced her to the mandatory-minimum term of 60 months on July 3, 2019. See ECF No. 128 (Judgment) at 2. Including good-time credits, Rice has completed over 75% of her sentence and has a projected release date to a halfway house of October 21, 2021. See ECF No. 174 (Mot.) at 22; ECF No. 178 (Opp.) at 5.

1

In June 2020, Rice submitted a request for compassionate release to her facility, FPC Alderson, which was subsequently denied by the Warden on July 17. See Mot. at 12. She now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing her "severe asthma" and obesity, which place her "at high risk for life-threatening complications if she becomes infected with COVID-19." Id. at 1–3. Rice also asserts that she is likely to contract the virus at her facility because other inmates have tested positive and because the virus can run rampant in congregate facilities like federal prisons. Id. at 1, 6–9, 14–15. In its Opposition, the Government argues that Rice has "vastly overstated" her claim of severe asthma and that, if released, she would be a danger to the community. See Opp. at 1, 14.

## II.     Legal Standards

Federal courts are generally forbidden from altering a term of imprisonment once it has been imposed, "but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, 564 U.S. 522, 526 (2011). One such exception is codified at 18 U.S.C. § 3582(c)(1)(A) and deemed the "compassionate release statue." This section, as modified by the First Step Act of 2018, Pub. L. No. 115–391, allows courts to alter a sentence upon motion by a defendant once she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement has been met, a defendant must show that "extraordinary and compelling reasons warrant such a reduction," and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." Id. The Sentencing Commission has stated that "extraordinary and compelling reasons" exist where the defendant is "suffering from a serious physical or medical condition" or "experiencing

deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(A)(ii). The Commission also acknowledges, however, that there may be "[o]ther [r]easons" presenting extraordinary and compelling circumstances beyond, or in combination with, the reasons described. Id. § 1B1.13 cmt. n.1(D). It is clear that medical risks from the COVID-19 pandemic may constitute one such reason. United States v. Morris, No. 12-154, 2020 U.S. Dist. LEXIS 91040, at *20 (D.D.C. May 24, 2020).

In addition, the statute and the policy statement instruct courts to consider the sentencing factors set out in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G § 1B1.13. Courts must consider these factors "with an eye toward whether it is necessary to maintain the prior term of imprisonment despite the extraordinary and compelling reasons to modify the defendant's sentence." United States v. Johnson, No. 15-125, 2020 U.S. Dist. LEXIS 86309, at *13 (D.D.C. May 16, 2020).

**III.     Analysis**

At the outset, the Court acknowledges that Defendant has cleared the hurdle of exhausting her administrative remedies in accordance with the statute. In June 2020, she submitted a request for compassionate release, and the Warden denied it the next month. See Mot. at 12. The Court thus next considers whether Rice has established extraordinary and compelling circumstances warranting her release, and it then looks at the section 3553(a) factors and the Sentencing Commission's policy statement.

A. Extraordinary and Compelling Circumstances

Rice alleges that her severe asthma and obesity render her particularly susceptible to serious illness or death from the coronavirus. Moderate to severe asthma may indeed justify compassionate release, as the Centers for Disease Control and Prevention recognizes that affected individuals "may be at higher risk of getting very sick from COVID-19." Ctrs. for Disease Control & Prevention, People with Moderate to Severe Asthma (Nov. 20, 2020), https://bit.ly/373lEMv; see also United States v. Towel, No. 17-519-6, 2020 U.S. Dist. LEXIS 98031, at *3–4 (E.D. Pa. June 4, 2020). The mere act of claiming to fall within a heightened risk category, however, will not automatically qualify an inmate for compassionate release; the condition must in fact pose a clear threat. Compare United States v. Tidwell, No. 94-353, 2020 U.S. Dist. LEXIS 139434, at *1, 9–14 (E.D. Pa. Aug. 5, 2020) (granting compassionate release to defendant with stage IV metastatic prostate cancer and life expectancy of less than a year), with United States v. Torres, No. 18-414, 2020 U.S. Dist. LEXIS 114002, at *18–19 (E.D. Pa. June 29, 2020) (denying compassionate release where defendant's symptoms did not match claims of severe asthma).

Here, Rice's medical records do not substantiate her claims. Just as recently as July 30, 2020, Defendant "informed her medical examiner that her asthma was triggered by dust and exercise, she did not suffer from any wheezing or coughing, and had no nocturnal symptoms." Opp. at 4. Additionally, Rice "informed her medical provider that she only used her inhaler once or twice a week." Id. (emphasis removed). Rice's own statements thus confirm that her asthma has been adequately controlled while in prison. This Court concludes, accordingly, that her asthma standing alone does not warrant compassionate release.

Rice, however, is also obese. The CDC notes that obesity increases the risk of severe illness from COVID-19, and some courts have granted compassionate release to defendants, at least in part, on this basis. See Ctrs. for Disease Control & Prevention, Obesity, Race/Ethnicity, and COVID-19 (Oct. 28, 2020), https://bit.ly/3m4WAL6; United States v. Farley, No. 08-118, 2020 U.S. Dist. LEXIS 145520, at *2, 6 (D.D.C. Aug. 13, 2020) (granting compassionate release where defendant's diabetes, hypertension, and obesity put him at higher risk of contracting COVID-19). Rice has a BMI of 39.45, which clearly puts her at risk under CDC guidelines. See Mot. at 4. Yet, it is difficult to say that this presents an extraordinary and compelling reason for compassionate release. See United States v. Wilfred, No. 07-351, 2020 U.S. Dist. LEXIS 135402, at *10–11 (E.D. La. July 30, 2020) (explaining that obesity alone not enough to warrant early release); United States v. Somerville, No. 12-225, 2020 U.S. Dist. LEXIS 93935, at *20 (W.D. Pa. May 29, 2020) (stating that defendant "must at least show . . . a sufficiently serious medical condition . . . placing [her] at a uniquely high risk of grave illness or death if infected by COVID-19," and "an actual, non-speculative risk of exposure").

Even assuming Rice's asthma and obesity constitute significant risk factors, she fails to show that there is a non-speculative likelihood of exposure to the virus at FPC Alderson. She spends most of her argument addressing the infection rate of the virus in all BOP facilities, see Mot. at 6–9, but "generalized COVID-19 fears and speculation" are insufficient to warrant release. United States v. Upshur, No. 18-124-2, 2020 U.S. Dist. LEXIS 103067, at *4 (E.D. Pa. June 12, 2020) (citation omitted). As of October 21, 2020, only three of the approximately 547 inmates at FPC Alderson have tested positive for COVID-19 since the onset of the pandemic. See Opp. at 5; Mot. at 10–11. This lack of viral presence at Alderson strongly weighs against compassionate release. See United States v. Buckman, No. 14-540-1, 2020 U.S. Dist. LEXIS

5

129155, at *11 (E.D. Pa. July 22, 2020) ("[W]hen prisons can keep the number of positive COVID-19 cases low or even at zero, . . . the risk of exposure is too speculative to render the circumstances extraordinary and compelling.").

Rice also suggests that her race puts her uniquely at risk during the pandemic. See Mot. at 15. But "it is not clear that being [Black] increases Defendant's risk of complications from . . . COVID-19, in the same manner as one's underlying medical conditions." United States v. Alexander, No. 19-32, 2020 U.S. Dist. LEXIS 85609, at * 8 (D.N.J. May 15, 2020). Although Black people are "overrepresented in data regarding COVID-19 hospitalizations and deaths," this "may result from other systemic economic and social issues affecting the [Black] community." Id. In sum, Defendant's medical conditions and race in combination with the current virus spread at Alderson are not sufficiently extraordinary and compelling to warrant her release.

    B.  Section 3553(a) Factors

Even if Rice had presented extraordinary and compelling circumstances, the compassionate-release analysis would not end there. That is because the Court must also consider whether release would be consistent with the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements. Farley, 2020 U.S. Dist. LEXIS 145520, at *4–5. In reflecting upon the applicable statutory sentencing factors — including "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), "the history and characteristics of the defendant," id., and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C) — this Court concludes that they would weigh against release.

First and foremost, the Court finds the nature and circumstances of Rice's crimes exceedingly serious. By her own admission, she sold drugs for many years while living in an

apartment with her young son and "trained" him to run away with a backpack filled with drugs, cash, and a firearm should she get caught. See Opp. at 3–4, 14.  Indeed, on the day of Rice's arrest, he was wandering the streets in tears with the backpack until stopped by police.  Id. at 2–3.  Equally concerning is Rice's acknowledgment during her co-defendant's trial that she had committed perjury in her plea colloquy before a separate federal judge because she was willing to "bend the truth a little bit" to get what she wanted.  See Opp., Exh. B (Rice Examination Tr.) at 157–58.  The obviously harmful nature of Rice's conduct does not weigh in favor of release here.

With respect to her history and characteristics, the Court acknowledges that these factors weigh in her favor.  She has served over 75% of her 60-month sentence, completed six courses offered by the facility, enrolled in a GED class, and has had no disciplinary infractions.  See Mot. at 20–21.  By all accounts, she has made significant progress towards rehabilitation during her confinement, and the Court certainly commends Rice's efforts.  At the end of the day, however, this does not outweigh the seriousness of her offense or the other considerations just discussed.  The Court thus concludes that Defendant's sentence is appropriate, and it will not grant her early release.

## IV.   Conclusion

As Rice has not established extraordinary and compelling circumstances warranting compassionate release, the Court will deny her Motion.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  November 24, 2020